NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| : | **Hon. Dennis M. Cavanaugh** |
| ELEANOR CAPOGRASSO, : | |
| : | **OPINION** |
| Plaintiff, : | |
| : | Civil Action No. 08-CV-2229 (DMC) |
| v. : | |
| : | |
| STATE FARM INSURANCE CO., : | |
| : | |
| Defendant. : | |
| : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff Eleanor Capograsso's ("Plaintiff") appeal of Magistrate Judge Falk's November 10, 2008 Order (Dkt. No. 27) granting Plaintiff's attorney Evan L. Goldman's ("Goldman") petition to withdraw as counsel, and Plaintiff's motion for the return of her $455 filing fee relating to her appeal of that same Order. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, the Court finds that Plaintiff's appeal of Magistrate Judge Falk's decision is **denied**, and Plaintiff's motion for the return of her $455 filing fee is **denied**.

I.   DISCUSSION

    A.   *Magistrate Judge Appeal*

Plaintiff appeals Magistrate Judge Falk's decision granting Goldman's petition to withdraw as counsel. "Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter." See L. Civ. R. 72.1(c)(1)(A). "A Judge shall consider the appeal and or

cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  See id.  The burden of showing that a ruling is "clearly erroneous or contrary to law" rests with the party filing the appeal.  See Mohiuddin v. Sony Corp., 2008 WL 313287, *1 (D.N.J. Feb. 1, 2008).

Here, Plaintiff argues that Magistrate Judge Falk's decision granting Goldman's petition to withdraw as counsel must be set aside because of Goldman's "disregard of [Court] procedure and decorum" and because Plaintiff's case would otherwise be "irreversibly prejudice[d]."  The Court disagrees.  None of Goldman's alleged violations of Court procedure, including his initial failure to properly code his petition, his alleged failure to serve Plaintiff with successive copies of his petition, nor his alleged failure to include "more than a conclusory statement" in his supporting affidavit, warrant setting aside Judge Falk's decision.  Additionally, despite Plaintiff's allegations of impropriety against Goldman and her assertion that she cannot adequately represent herself or find substitute counsel, the Court finds that, particularly given the early posture of this case, Judge Falk did not "clearly err" in finding that Plaintiff will not be prejudiced by permitting Goldman to withdraw.  Accordingly, for the foregoing reasons, and based upon Goldman's representations to Magistrate Judge Falk that he could no longer continue in his representation of Plaintiff, the Court finds that Magistrate Judge Falk's decision to allow Goldman to withdraw as counsel was not "clearly erroneous or contrary to law," and Plaintiff's appeal is denied.[1]

---

[1]Additionally, the Court notes that Plaintiff's appeal is untimely.  Fed. R. Civ. P. 72(a) requires that any objections to a non-dispositive decision of a magistrate judge be made within ten days after the

B.      *Motion for Return of Filing Fee*

Plaintiff next seeks the return of the $455 filing fee that she submitted with her appeal of Magistrate Judge Falk's decision.  The $455 filing fee, however, is "for docketing, or opening, the case," and, "[i]n addition to covering some of the costs associated with opening a case, the[ filing fee] also serve[s] to deter the filing of frivolous appeals and unnecessary protective appeals."  See Porter v. Dep't of Treasury, 564 F.3d 176, 179 (3d Cir. 2009) (internal quotations omitted).  Here, Plaintiff argues that the $455 filing fee that she submitted along with her appeal should be returned because her appeal was not dismissed on the merits, but rather for lack of jurisdiction.  As the Third Circuit held in Porter, however, "[i]t is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits—appellants are not entitled to the return of their filing and docketing fees."  See id. Accordingly, Plaintiff's motion for the return of her $455 filing fee is denied.

## II.   CONCLUSION

For the reasons stated, the Court finds that Plaintiff's appeal of Magistrate Judge Falk's Order granting Goldman's petition to withdraw as counsel is **denied**, and Plaintiff's motion for the return of her $455 filing fee is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:   August _17_, 2009
cc:     All Counsel of Record
        Hon. Mark Falk, U.S.M.J.
        File

---

objecting party is served with a copy of the decision.  Here, Magistrate Judge Falk entered his decision on November 10, 2008, and Plaintiff did not file her appeal with this Court until April 13, 2009.  Because of the leniency afforded to *pro se* plaintiffs in matters of procedure, however, and because Plaintiff erroneously appealed Magistrate Judge Falk's decision with the Third Circuit, the Court will permit the late filing of her appeal.