NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEANOR CAPOGROSSO, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | OPINION |
| -vs- | Civil Action No. 08-CV-2229 (DMC) |
| STATE FARM INSURANCE CO., | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

    This matter comes before the Court upon motion for reconsideration pursuant to Local Civil Rule 7.1(i). Plaintiff Eleanor Capogrosso ("Plaintiff") moves to reconsider this Court's Opinion, dated October 20, 2009, dismissing Counts Four, Five and Six of the Amended Complaint pursuant to motion by Defendant State Farm Insurance Company ("Defendant") under Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court for the reasons herein expressed that Plaintiff's motion is **denied.**

**I.    BACKGROUND**

    Plaintiff filed a *pro se* complaint against her landlord and the Department of Housing and Urban Development, on November 7, 2007, alleging, *inter alia*, personal injury and property damage resulting from a water pipe that burst in her Jersey City, New Jersey, apartment on April 7, 2007. Plaintiff alleges direct water damage and property damage as a result of mold caused by the broken pipe. On April 2, 2008, Plaintiff filed a separate complaint against State Farm Insurance Company

("Defendant") in the Superior Court of New Jersey, Law Division, Bergen County, arising from the same pipe burst incident. In her action on that complaint, Plaintiff sought to recover under two separate insurance policies issued by Defendant: a Renters Policy (Policy # 30-C2-9699), and a Personal Articles Policy (Policy # 30-C7-9268-4). On the basis of diversity jurisdiction, Defendant timely removed this action to the United States District Court for the District of New Jersey on May 7, 2008. On June 3, 2008, by Order of the Honorable Mark Falk, U.S.M.J., Plaintiff's complaints were consolidated into a single action before this Court. On April 30, 2009, upon motion before the Honorable Mark Falk, U.S.M.J., Plaintiff was granted leave to amend the complaint for the purpose of alleging claims under the Consumer Fraud Act ("CFA"). On May 8, 2009, Plaintiff filed the amended complaint with the following additions:

> [Count Four -] The Defendant's actions were intended to deceive the Plaintiff by refusing to pay the Plaintiff and as a result committed a violation of the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1, et seq. [sic]
>
> [Count Five -] The Defendants knew that its letters to Plaintiff failed to comply with the terms of the contract of insurance and as a result constituted a violation of the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1, et seq. [sic]
>
> [Count Six -] The defendant refused to acknowledge Plaintiff's claim as required under the regulations of the Department of Insurance and Banking and as a result committed a per se violation of the New Jersey Consumer Fraud Act, N.J.S.A., 56:8-1, et seq. [sic]

(Pl. Am. Compl. ¶¶ 21-23). By Opinion, dated October 20, 2009, this Court dismissed the foregoing Counts with respect to this matter and permitted Plaintiff leave to file a second amended complaint not inconsistent with the Court's ruling. On October 31, 2009, Plaintiff moved for reconsideration of the Court's ruling in that Opinion.

## II.   LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 7.1(i). See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Under Rule 7.1(i), a movant must

submit "concisely the matter or controlling decisions which the party believes the [court] has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration will be granted only where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "Local Rule 7.1(g) does not permit a court to rethink its previous decision, rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked.'" Buffa v. N.J. State Dept. of Judiciary, 56 Fed. Appx. 571, *9 (3d Cir. Jan. 14, 2003). Such relief is "an extraordinary remedy" to be granted "sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

### III.   DISCUSSION[1]

   *A.   CFA Claims*

Plaintiff contends that this Court erred in applying the law as interpreted by the Third Circuit Court of Appeals in In re Van Holt 163 F.3d 161, 168 (3d Cir. 1998). Plaintiff appears to suggest that the Third Circuit's reliance upon Nikiper v. Motor Club of Am, 232 N.J. Super 393, 557 (App. Div. 1989) was misplaced given the New Jersey Supreme Court's decision in Lemelledo v. Beneficial Management Corp. of America, 155 N.J. 255 (1997) issued subsequent to that case. Defendant argues that the Court's decision stands because this Court did not fail to overlook any controlling law in the instant matter.

In Lemelledo, that Court commented that "although several lower courts have held that the payment of insurance benefits is not subject to the CFA, our reading of the CFA convinces us that the statute's language is ample enough to encompass the sale of insurance policies as goods and services

---

[1] Plaintiff does not dispute this Court's conclusion that Counts Four, Five and Six of Plaintiff's Amended Complaint do not satisfy the heightened pleading standard as required by Fed. R. Civ. P. 9(b).

3

that are marketed to consumers." 155 N.J. at 265 (internal citations omitted); See <u>Dodd v. Commercial Union Ins. Co.</u>, 373 Mass. 72 (1997). In promulgating the foregoing assertion, the <u>Lemelledo</u> Court inserts a footnote directly after the first clause in that sentence, indicating "We express no opinion about those holdings. *See* <u>Rodio v. Smith</u>, 123 N.J. 345, 352 587 A.2d 621 (1991) (not reaching the issue of the applicability of CFA to payment of insurance benefits)." 150 N.J. at n.3. Therefore, the <u>Lemelledo</u> Court expressly declines to address or take a position on whether the payment of insurance benefits is subject to the provisions of the CFA. In turn, this Court looked to relevant controlling law in the jurisdiction, namely the Third Circuit case <u>In re Van Holt</u> interpreting the issue at hand in reliance upon <u>Nikiper v. Motor Club of Am</u>, 232 N.J. Super 393, 557 (App. Div. 1989).

> To reiterate,
>
> At the same time, 'mere customer dissatisfaction does not constitute consumer fraud.' <u>Turf Lawnmower Repair v. Bergen Record Corp</u>., 139 N.J. 392 (1995). Assessing the district court's disposition of a summary judgment motion in <u>In re Van Holt</u>, the Third Circuit Court of Appeals acknowledged the record as devoid of any fraud, misrepresentation or indication whatsoever that defendant misled plaintiff. 163 F.3d 161, 168 (3d Cir. 1998). That case involved an action for unconscionable commercial practice asserted against Liberty Mutual for failing to promptly address plaintiffs' insurance claim and subsequently denying that claim. <u>Id</u>. In that action, the Third Circuit concluded that 'New Jersey courts decid[ing] the issue have consistently held that the payment of insurance benefits is not subject to the Consumer Fraud Act.' <u>Id</u>.

<u>Capogrosso v. State Farm Ins., Co.</u>, 2009 U.S. Dist. LEXIS 97544, *11-12 (D.N.J. Oct. 20, 2009).

Ultimately, this Court's October 20, 2009 Opinion held, "notwithstanding the apparent endorsement in <u>Lemelledo</u>, the application of the CFA to insurance policies is qualified by excluding claims regarding payment of insurance benefits. Given the explicit qualification recognized by the Third Circuit Court of Appeals, this Court cannot permit Plaintiff's CFA claims to proceed insofar as they pertain to the payment of insurance benefits."

The apparent endorsement recognized by this Court is that the CFA applies to the "sale of

4

insurance policies as goods and services that are marketed to consumers." Lemelledo, 150 N.J. at 265. To the extent the CFA applies to insurance policies, the qualification recognized by this Court is that such application does not extend to the payment of benefits. In re Van Holt, 163 F.3d 161, 168 (3d Cir. 1998). Given the express refusal of the Supreme Court of New Jersey, in Lemelledo, to declare a position concerning whether the payment of insurance benefits is subject to the CFA, the application of In re Van Holt, in reliance upon Nikiper v. Motor Club of Am, 232 N.J. Super 393, 557 (App. Div. 1989), is not inconsistent with the governing law in the relevant jurisdiction.

    B.    *Attorney's Fees Pursuant to CFA*

In the absence of a viable CFA claim, at this time, this Court declines to reconsider the issue of attorney's fees.

**IV.**    CONCLUSION

For the foregoing reasons, Plaintiff's motion to reconsider pursuant to Local Rule 7.1(i) is **denied.** An appropriate order accompanies this Opinion.


                                          S/Dennis M. Cavanaugh  
Dated:    December 23, 2009          Dennis M. Cavanaugh, U.S.D.J.  
cc:        All Counsel of Record  
           Hon. Mark Falk, U.S.M.J.  
           File